UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ARC RICHMOND PLACE, INC., *d/b/a* Brookdale Richmond Place PCH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LISA MEECE, *as Guardian of Elza Stephens*, <br><br> Defendant. | Civil No. 5:20-47-JMH <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendant's Motion to Dismiss (DE 6) and the Plaintiffs' Motion to Compel Arbitration and Enjoin State Proceedings. (DE 9). Defendant asks this Court to determine that it lacks jurisdiction in this matter or, in the alternative, abstain from exercising jurisdiction and to dismiss the Plaintiffs' Complaint under the *Colorado River* abstention doctrine in favor of the parallel state court action pending in the Fayette Circuit Court. She further asserts that, in any event, any injunctive relief would be inappropriate. As explained below, the Court disagrees. Rather, Plaintiffs' Motion to Compel is well-received. For the reasons which follow, the Court **DENIES** the Defendant's request to dismiss the action and **GRANTS** the Plaintiffs' request to compel.

**I.**

The crux of this case revolves around the Arbitration Provision of a Residency Agreement for a personal care home signed by Lisa Meece as appointed guardian and power of attorney of her father, Elza Stephens, now deceased. (DE 1-1 at 7-10, "Section V: Agreement to Arbitrate"). Elza Stephens was a resident of ARC Richmond Place, Inc. *d/b/a* Brookdale Richmond Place PCH on October 23, 2018, until his discharge on January 29, 2018. (DE 1, ¶ 14; DE 6, ¶ 1).

On August 26, 2019, Meece filed a Complaint in Fayette County Circuit Court, Civil Action No. 19-CI-03108 (DE 1-2: State Court Complaint; *see also* DE 1-3: State Court Amended Complaint) (the "State Court Action"), alleging claims of negligence, medical negligence, corporate negligence and corporate manipulation of funds, and violations of long term care residents' rights against several defendants[1], arguing that they contributed to Mr. Stephens'

---

[1] The named entities in the State Court Action are as follows: BLC Lexington SNF, LLC d/b/a Brookdale Richmond Place SNF; ARC Richmond Place, Inc. *d/b/a* Brookdale Richmond Place PCH; ARC Richmond Place Real Estate Holdings, LLC; ARC Therapy Services, LLC; LCS Lexington II, LLC d/b/a Richmond Place Senior Living; Bre Knight SH KY Owner, LLC; Emeritus Corporation; Emericare, Inc.; BKD Personal Assistance Services, LLC; BKD Richmond Place Propco, LLC; BKD Twenty One Management Company, Inc.; Brookdale Employee Services-Corporate, LLC; Brookdale Employee Services, LLC; Brookdale Senior Living, Inc.; Brookdale Senior Living Communities, Inc.; American Retirement Corporation; Melissa Nester in her capacity as Administrator of ARC Richmond Place, Inc., LLC d/b/a Brookdale Richmond Place PCH; and Jeff Stidham in his capacity as Administrator of BLC Lexington SNF, LLC d/b/a Brookdale Richmond Place SNF; and John Does 1 through 3, Unknown Defendants.

injury and premature demise (DE 6-1 at 3; *see* DE 1-3(Amended State Court Complaint)).

On February 7, 2020, four of the named defendants — Brookdale Richmond Place, American Retirement Corporation, Brookdale Senior Living, Inc., and Brookdale Senior Living Communities, Inc. (collectively "Plaintiffs") – commenced the current action against Meece. By virtue of their Complaint, Plaintiffs ask this Court to enforce an arbitration agreement entered into on behalf of Mr. Stephens by Meece, then serving as his attorney-in-fact, and to stay the pursuit of the action in Fayette Circuit Court in order for any arbitration that may be ordered proceed.

Defendant's motion to dismiss and Plaintiffs' Motion to Compel Arbitration followed.

**II.**

Meece brings this motion pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. As a central matter, she argues that the arbitration agreement, which Plaintiffs seeks to compel, is unenforceable because she lacked the actual and apparent authority to waive her father's right to a jury trial. She further argues that the Court lacks subject-matter jurisdiction because Plaintiffs have left out indispensable parties. And finally, Meece argues that because a parallel state action exists in the Fayette Circuit Court, this Court should abstain from proceeding pursuant to the *Colorado River* abstention

Page **3** of **14**

doctrine. *See generally Colo. River Water Conservation Dist. v. United States*, 424 800 U.S. 800, 813 (1976).

### A.

As an initial matter and in the face of Meece's Motion to Dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and (7), the Court concludes that it has jurisdiction to consider this matter. Meece argues that there is no jurisdiction because Plaintiffs have failed to join necessary parties under Rule 19 and, once the citizenship of that necessary party is taken into account, there is a lack of subject-matter jurisdiction under 28 U.S.C. § 1332 because (1) the parties will not be of diverse citizenship and (2) the Federal Arbitration Act will not, alone, create a federal question which would confer jurisdiction under 28 U.S.C. § 1331 in this matter upon this Court.[2] For the same reasons announced in *Preferred Care, Inc. v. Belcher*, No. 14-CV-107-JMH,

---

[2] Under the FAA, a district court has jurisdiction over a petition to compel arbitration only if the court would have jurisdiction over "a suit arising out of the controversy between the parties" without the arbitration agreement. 9 U.S.C. § 4. That is, the FAA "'bestow[s] no federal jurisdiction but rather require[s] an independent jurisdictional basis' [for access to a federal forum] over the parties' dispute." *Vaden v. Discover Bank,* 556 U.S. 49, 59 (2009) (quoting *Hall Street Assoc., LLC v. Mattel, Inc.,* 552 U.S. 576, 581–82 (2008) (internal quotation marks omitted)); *see also Moses. H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1 (1983). Section 4 of the FAA "neither expand[s] nor contract[s] federal subject matter jurisdiction." *Stroh Container Co. v. Delphi Indus., Inc.,* 783 F.2d 743, 747 n.7 (8th Cir. 1986). Thus, a petitioner proceeding under § 4 must assert an independent source of subject matter jurisdiction.

2015 WL 1481537, at *1-3 (E.D. Ky. Mar. 31, 2015), the Court disagrees.

A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1133-35 (6th Cir. 1996); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States," and Plaintiffs contend that this Court has jurisdiction based on the diversity of the parties. *See* DE 1. In the instant action, there is no dispute that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Further, there is no dispute that Meece is a resident of Kentucky and that each of the named Plaintiffs in this action is a citizen of another state. However, the absent nursing home administrators named as defendants in the state complaint but not as a party in the present matter (*i.e.,* Melissa Nester and Jeff Stidham), are

citizens of Kentucky. Meece claims that complete diversity of citizenship among the parties in this case cannot be maintained because, while the absentees are not named as plaintiffs in this action, they are indispensable parties under Fed. R. Civ. P. 19 and their joinder would destroy the complete diversity among parties required by 28 U.S.C. 1332(a)(1).

If lack of subject-matter jurisdiction is raised in a motion to dismiss, the plaintiff "bears the burden of proving jurisdiction ... to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n,* 287 F.3d 568, 573 (6th Cir. 2002). However, the plaintiff will "survive [a] motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." *Id.* (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1999). The existence of a non-diverse party in the related state court action does not, on its own, destroy diversity:

> Rule 19 deals with what were historically known as "necessary" and "indispensable" parties. The terms "necessary" and "indispensable" are terms of art in jurisprudence concerning Rule 19, and "necessary" refers to a party who should be joined if feasible, while "indispensable" refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed. If a necessary party cannot be joined without divesting the court of subject-matter jurisdiction, the Rule provides additional criteria for determining whether that party is indispensable, but if

> the court finds that the party is anything less than indispensable, the case proceeds without that party, and if, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case.

*GGNSC Vanceburg, LLC, v. Hanley,* Civil Action No. 13-106-HRW, 2014 WL 1333204, *3 (E.D. Ky. Mar. 28, 2014).

"[M]any circuit courts, … have similarly held that in the context of a federal action to compel arbitration, the individual defendants in the state court action were not indispensable parties to the federal action." *BLC Lexington SNF, LLC v. Petersen*, No. 5:19-cv-465-GFVT, 2020 WL 3130292, at *7 (E.D. Ky. June 12, 2020). *See, e.g., Hermès of Paris, Inc. v. Swain*, 867 F.3d 321, 325 (2d Cir. 2017) ("All of our sister Circuits to have addressed the issue have likewise rejected a look-through approach to assessing complete diversity for the purposes of evaluating whether a district court has diversity jurisdiction over an FAA petition."); *Del Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 871 (4th Cir. 2016); *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010); *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1106 (9th Cir. 2002); *We Care Hair Dev., Inc. v. Engen*, 180 F.3d 838, 842 (7th Cir. 1999).

The issue raised here by Meece is not a novel one, as shown by the cases above. The Court refuses to overlook that authority. Having reviewed the record and relevant case law, it follows that

the failure to join the administrators does not warrant dismissal in this action. Ultimately, the requirements of diversity of jurisdiction have been met, and this Court has subject matter jurisdiction over this case.

B.

Next, Meece argues that the Court should abstain from exercising jurisdiction and dismiss Plaintiffs' complaint upon application of the *Colorado River* abstention doctrine which permits this Court to dismiss[3] a cause pending before it in favor of a parallel state court action. However, the Court has reviewed the record in the state court action, and has learned that the state court action was dismissed on May 10, 2021 for want of

---

[3] Several other courts in this district have concluded that abstention is inappropriate in circumstances substantially similar to those presented in this matter. *See Preferred Care, Inc. v. Howell*, Civil No. 16-13-ART, 2016 WL 2858523, *3-4, 187 F.Supp.3d 796 (E.D. Ky. May 13, 2016); *Richmond Health Facilities Kenwood, LP v. Nichols,* Civil Action No. 5:14-141-DCR, 2014 WL 4063823 (E.D. Ky. Aug.13, 2014); *Brookdale Senior Living, Inc. v. Caudill,* Civil Action No. 5:14-098-DCR; 2014 WL 3420783 (E.D. Ky. July 10, 2014); *GGNSC Vanceburg, LLC, v. Hanley,* Civil Action No. 0:13-106–HRW, 2014 WL 1333204 (E.D. Ky. Mar.28, 2014); *GGNSC Vanceburg, LLC, v. Taulbee,* Civil Action No. 5:13-cv-71-KSF, 2013 WL 4041174 (E.D. Ky. Dec.19, 2013); *but see Preferred Care of Delaware, Inc. v. Vanarsdale*, 152 F.Supp.3d 929, 930-32 (E.D. Ky. 2016) (abstaining where state court had issued an interlocutory ruling on the enforceability of the arbitration agreement). In each instance, there was an allegation of negligence in care provided at a nursing home. The party claiming injury filed a civil action in state court, and the nursing home then asserted that the state court claims were subject to the binding arbitration agreement between the parties and demanded the dispute be referred to arbitration and the state court case dismissed with prejudice.

prosecution. Accordingly, the Court declines to entertain this argument.

### C.

Finally, the Court considers whether Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because the underlying arbitration agreement is invalid and unenforceable. Specifically, Meece argues (1) that the arbitration agreement does not evidence a contract involving interstate commerce, and (2) that the agreement is unenforceable because the attorney-in-fact did not possess the authority to execute it.

### (1)

Even assuming that Meece correctly contends that the care provided to Stephens occurred only within the borders of the Commonwealth of Kentucky, this is a case which clearly falls within the scope of the FAA. The FAA applies to "contract[s] evidencing a transaction involving commerce," 9 U.S.C. § 2, and extends to transactions "in individual cases without showing any specific effect upon interstate commerce if in the aggregate the economic activity would represent a general practice ... subject to federal control." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56–57, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003) (quoted in *Richmond Health Facilities Kenwood, LP v. Nichols,* Civil Action No. 5:14-141-DCR, 2014 WL 4063823, at *8 (E.D. Ky. Aug. 13, 2014); *Brookdale Sr.*

*Living Inc. v. Stacy*, 27 F.Supp.3d 776, 791-92 (E.D. Ky. 2014)). "The Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'— words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Id*. (citing *Allied-Bruce Terminix Cos.*, 513 U.S. 265, 273-274 (1995)).

Interstate commerce is interpreted broadly and healthcare is an economic activity that represents a general practice subject to federal control. *See Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581, 589 (Ky. 2012) (citing *Alafabco*, 539 U.S. at 56-57). Courts in the Eastern District of Kentucky, as well as others, have found that similar nursing home residency agreements are contracts "evidencing a transaction involving commerce," under the FAA. *See Nichols*, 2014 WL 4063823 at *8; *Brookdale Senior Living, Inc. v. Caudill,* Civil Action No. 5:14-098-DCR; 2014 WL 3420783, at *9 (E.D. Ky. July 10, 2014); *see also Stacy*, 27 F.Supp.3d at 791-92; *Hanley*, 2014 WL 1333204 at *8-9; *GGNSC Vanceburg, LLC, v. Taulbee,* Civil Action No. 5:13-cv-71-KSF, 2013 WL 4041174, at *10-11 (E.D. Ky. Dec.19, 2013); (remarking that courts have looked to the acceptance of Medicare as evidence of interstate commerce); and *GGNSC Louisville Hillcreek, LLC v. Warner,* Civil Action No. 3:13-cv-752-H, 2013 WL 6796421, *7-8 (W.D. Ky. Dec. 19, 2013)).

The arbitration agreement in this case is a component of a larger contract that evidences a transaction involving interstate commerce. *See Stacy,* 27 F.Supp.3d at 791–92. As other courts have pointed out, "[t]he food, medicine, and durable medical supplies that [the plaintiffs] provided must come from somewhere." *Id.* at *14 (quoting *Warner,* 2013 WL 6796421, *8). Accordingly, Meece's argument that the arbitration agreement is unenforceable under the FAA because it does not evidence a transaction involving interstate commerce (*see* DE 6 at 3, ¶ 7) is without merit.

**(2)**

Further, the Court considers Meece's threshold argument that, as attorney-in-fact she lacked the authority to execute and bind Stephens to the ADR Agreement such that a valid and enforceable ADR Agreement exists. (DE 6-1 at 7-11). The durable power of attorney executed by Stephens provides that her attorney-in-fact Meece was authorized, among other things, "enter into binding contracts on [his] behalf." (DE 1-4, ¶ 4; DE 6-2, ¶ 4). In this way, the matter at hand is distinct from those situations in *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012), and *Pine Tree Villa, LLC v. Brooker*, 612 F. App'x 340, 341 (6th Cir. 2015), for example, where the powers of attorney in question granted express authority only to make health decisions and, thus, did not authorize entry into an arbitration agreement. *Cf Cambridge Place Grp. v. Mundy,* 617 S.W.3d 838, 840 (Ky. Ct. App. 2021) (finding

that wife *lacked* authority as husband's attorney-in-fact to obligate him to similar arbitration agreement, since the durable power of attorney provided strong limitations regarding wife's ability to make health care decisions on husband's behalf).

The parties to the Arbitration Agreement, ARC Richmond Place, Inc. d/b/a Brookdale Richmond Place PCH, and Meece as "Legal Representative" agreed that:

> Any and all claims or controversies arising out of, or in **any** way relating to, this Agreement or any of your stays at the Community, … including disputes regarding interpretation, scope, enforceability, unconscionability, waiver, preemption, and/or violability of this Agreement, whether arising out of State or Federal law, whether existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall be submitted to binding arbitration, as provided below, and shall not be filed in a court of law. **The parties to this Agreement further understand that a judge and/or jury will not decide their case**.

(DE 1-1 at 8, ¶ V, (A)(1)).

The state court complaint alleged claims of negligence, medical negligence, corporate negligence and corporate manipulation of funds, and violations of long term care residents' rights under KRS § 216.515. It follows that these claims are broadly subject to arbitration, and Meece's arguments regarding lack of actual or apparent authority are meritless. *See*

*Presbyterian Homes and Servs. of Ky., Inc. v. Dean*, 2021 WL 2274269, at *2-4 (Ky. Ct. App. 2021).

### III.

Finally, the Court considers Plaintiffs' Motion to Compel Arbitration and to Enjoin State Proceedings. (DE 9). While the FAA requires a federal court to stay their own proceedings, it does not specifically authorize federal courts to stay pending state court cases. *Great Earth Co., Inc. v. Simons*, 288 F.3d 878, 893 (6th Cir. 2002). Rather, the federal court's authority to enjoin state-court proceedings is subject to the legal and equitable standards for injunctions generally, including the Anti-Injunction Act, 28 U.S.C. § 2283. The Sixth Circuit has concluded that a district court's injunction of state-court proceedings after compelling arbitration does not violate the Anti-Injunction Act because the injunction fell "within the exception for injunctions 'necessary ... to protect or effectuate [district court] judgments.'" *Great Earth*, 288 F.3d at 894. It concluded that "[a]n injunction of the state proceedings [was] necessary to protect the final judgment of the district court on this issue." *Id*.

Since enjoining the state proceeding is not barred by the Anti-Injunction Act and such injunction would serve to protect or effectuate this Court's judgment, the Court would have (ordinarily) enjoined Meece from pursuing the pending state court claims for violations of the rights of long term care residents

under KRS § 216.515, personal injury by means of negligence, medical negligence, and both corporate negligence claims before the Fayette Circuit Court. However, because the case has been dismissed in state court the Court will not address this point further. The Court must order Meece to comply with the arbitration process.

**IV.**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant's Amended Motion to Dismiss (DE 6) is **DENIED**;

(2) Plaintiffs' Motion to Compel Arbitration and Enjoin Defendant (DE 9) is **GRANTED**; and

(3) Pursuant to 9 U.S.C. § 3, further proceedings in this matter are **STAYED** pending arbitration.

This the 30th day of September, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge